UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO D. RANDLE, et al., | Case No. 23-cv-05799-JSC |
| Plaintiffs, | |
| v. | **ORDER OF DISMISSAL** |
| CONTRA COSTA COUNTY SUPERIOR COURT OF MARTINEZ, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiffs, inmates in the Martinez Detention Facility of the Contra Costa County Jail who are proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Contra Costa County Superior Court and four of its judges.[1]  (ECF No. 1.)  Plaintiff Romeo Randle is granted leave to proceed in forma pauperis in a separate order.  For the reasons explained below, the complaint is dismissed because it does not state a claim that is capable of judicial review and determination.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

---

[1] The Court's mail to Plaintiff Jason Thomas was returned by the postal service as undeliverable. (ECF No. 5.)  Plaintiff Ramello Randle wrote a letter to the Court stating Thomas is deceased and asking to dismiss him from this lawsuit.  (ECF No. 4.)  This request is denied as unnecessary in light of the conclusion below that the claims must be dismissed because they are not capable of judicial determination.

1   § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v.*
2   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4   claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
5   statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon
6   which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state
7   a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
8   provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
9   formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must
10  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
11  550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for
12  relief that is plausible on its face." *Id.* at 570.

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
14  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
15  violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
16  42, 48 (1988).

17  **LEGAL CLAIMS**

18      Plaintiffs claim the judicial defendants made erroneous rulings in their criminal
19  proceedings regarding their objections to evidence, motions to dismiss, motions to suppress,
20  motions for substitution of counsel, and jury instructions, and made prejudicial comments to
21  jurors. (*Id.* at 11-14, 16-17.) Plaintiffs claim that these decisions were based upon their race, and
22  African-Americans are convicted more frequently, have longer sentences, are detained longer,
23  receive higher bail amounts, and receive trials that are less fair than criminal defendants of other
24  races. (*Id.* at 15.) They seek ten million dollars in damages. (*Id.* at 18.)

25      Plaintiffs' claims are not capable of judicial determination for two reasons. The Eleventh
26  Amendment "immunize states from suit in federal court by citizens and noncitizens alike." *Kohn*
27  *v. State Bar of Cal.,* 87 F.4th 1021, 1025 (9th Cir. 2023) (en banc). Eleventh Amendment
28  immunity extends to the state superior courts. *Munoz v. Superior Court of Los Angeles County*, 91

F.4th 977, 980 (9th Cir. 2024) (holding Superior Court of State of California has 11th Amendment "sovereign" immunity as arm of state and "[n]o exception" to 11th Amendment immunity changes this conclusion). A suit against individual state judges in their judicial capacity is also barred by the Eleventh Amendment. *Id*. at 980-81 (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)). In addition, state judges are absolutely immune from a suit for damages for acts performed in their judicial capacity. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The judicial actions about which Plaintiffs complain — making bail determinations, ruling on motions, ruling on trial objections, instructing the jury, and sentencing criminal defendants — are clearly functions judges normally perform when carrying out their duties. *See*, *e.g.*, *Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001) (ruling on a motion and exercising control over a courtroom are normal judicial functions). Defendants are immune from Plaintiffs' lawsuit seeking damages against them for their actions in in adjudicating Plaintiffs' state court criminal proceedings. Accordingly, the complaint does not state a claim that is capable of judicial determination.

If the Court finds that a complaint does not state a claim that can proceed, it should determine whether to grant leave to amend. Even when a request to amend is not made, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) (internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1128-29 (9th Cir. 2000) (en banc). However, if amendment of the pleading would be futile, leave to amend is properly denied. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). It is clear from the allegations in the complaint Plaintiffs mean to sue Defendants for the rulings they made in criminal proceedings, actions for which Defendants are immune from suit. Such claims cannot be amended to state a claim against that is capable of judicial review and determination under Section 1983. Accordingly, leave to amend will not be allowed.

3

**CONCLUSION**

For the foregoing reasons, the case is DISMISSED.  The dismissal is without leave to amend and with prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 27, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge